RICHARD P. SAPUTA,    )
and wife, JOYCE SAPUTA,   )  JURY DEMAND
   Plaintiffs,      )
             )
VS            )  CASE NO.: _____
             )
TOWN OF SIGNAL MOUNTAIN, TENNESSEE )
REGIONS BANK, JOHN DOE ONE,  )
CASSIDY MARTINEZ, SUNTRUST BANK, )
AMBER GARDNER, JOHN DOE TWO, )
JOHN DOE EMPLOYEES REGIONS BANK, )
JOHN DOE EMPLOYEES SUNTRUST BANK, )
OFFICER KEN COULTER,   )
OFFICER ANDY SILER, and   )
OFFICER TIM FOSTER,    )
   Defendants.     )

# **<u>COMPLAINT</u>**

Comes now, Plaintiff Richard P. Saputa, and through counsel and for a Complaint against Defendants would state as follows:

1. Richard P. Saputa and Joyce Saputa are residents of Hamilton County, Tennessee at 216 Primrose Way, Signal Mountain, Tennessee 37377. At all times referred to in this complaint the Plaintiffs have resided in a state of matrimony.

2. Defendant Town of Signal Mountain, Tennessee, (Signal Mountain) is a municipality organized under the laws of the State of Tennessee. The Town of Signal Mountain Police Department (TSMPD) is an official agency of Signal Mountain.

3. Defendant Regions Bank (Regions) is authorized to and doing business in the State of Tennessee and particularly at 1238 Taft Highway, Signal Mountain, Tennessee, 37377. The registered agent is Corporation Service Company, 2908 Preston Avenue, Nashville, Tennessee 37203-1312.

4. John Doe One is employed as the Manger of Regions Bank in the Town of Signal Mountain Tennessee. This Court has personal and subject matter jurisdiction over this employee as a result of her minimum contacts with this district. To be served at 1238 Taft Highway, Signal Mountain Tennessee, 37377.

5. Cassidy Martinez is an employee of Regions Bank in the Town of Signal Mountain Tennessee. This Court has personal and subject matter jurisdiction over this employee as a result of her minimum contacts with this district. To be served at 1238 Taft Highway, Signal Mountain Tennessee, 37377.

6. Defendant SunTrust Bank (SunTrust) is authorized to and doing business in the State of Tennessee and particularly at 1301 Taft Highway, Signal Mountain, Tennessee, 37377. The registered agent is Corporation Service Company, 2908 Preston Avenue, Nashville, Tennessee 37203-1312.

7. Amber Gardner is an employee of SunTrust Bank in the Town of Signal Mountain Tennessee. This Court has personal and subject matter jurisdiction over this employee as a result of her minimum contacts with this district. To be served at 1301 Taft Highway, Signal Mountain Tennessee, 37377.

8. Defendant Ken Coulter is a resident of Hamilton County, Tennessee and is employed by TSMPD. To be served at TSMPD 1111 Ridgeway Ave. Signal, Mountain 37377.

9. Defendant Andy Siler is a resident of Hamilton County, Tennessee and is employed by TSMPD. To be served at TSMPD 1111 Ridgeway Ave. Signal, Mountain 37377.

10. Defendant Tim Foster is a resident of Hamilton County, Tennessee and is employed by TSMPD. To be served at TSMPD 1111 Ridgeway Ave. Signal, Mountain 37377.

11. Defendant John Doe Two is a resident of Hamilton County, Tennessee and is

2

employed by TSMPD. To be served at TSMPD 1111 Ridgeway Ave. Signal, Mountain 37377.

## JURISDICTIONS

12.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1343 and that the controversy arises under the United States Constitution and under 42 U.S.C. §1983, and 28 U.S.C. §§2201 and 2202.  The Court has the authority to award attorney fees pursuant to 42 U.S.C. §1988.  Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. §1367 to adjudicate state law claims.  All of the acts alleged herein were done by the Defendants, their officers, agents, and other employees, and under cover of law pursuant to the statutes, ordinances, regulations, customs, and usage of the Town of Signal Mountain and the State of Tennessee.  Finally, the Plaintiff alleges jurisdiction under 12 U.S.C. §3416 the Right to Financial Privacy Act.

## PRELIMINARY STATEMENT

13.     Plaintiff was arrested February 23, 2017 by officers of the Signal Mountain Police Department while conducting business in the branch of Regions Bank in the Town of Signal Mountain.  In the course of the arrest, the Plaintiff was tazed using a TASER owned TSMPD and operated by officers of the Signal Mountain Police Department.  Plaintiff was charged with disorderly conduct and resisting arrest.

14.     The Plaintiff was charged pursuant to General Sessions Court Docket No. 1658302 and those were dismissed and the case was expunged pursuant to an Order of the Court dated October 26, 2017.  The case against the Plaintiff was dismissed pursuant to T.C.A. §40-32-101.

## FACTS

15.     On February 23, 2017, the Plaintiff entered into SunTrust Bank at 1301 Taft Highway Signal Mountain, Tennessee to conduct business with the bank along with his aged

mother in law, Terese Ferriera. During Plaintiffs business with the bank a conflict occurred which caused the Plaintiff to close his account. Plaintiff told the bank employees that he wanted to close his account and that he was going across the street to Regions bank to open an account. He was given a check for the contents for the account he closed. Plaintiff was advised that he was not welcomed in the bank and that due to a previous encounter with the bank, and that he was trespassing. He was instructed to leave the bank. Plaintiff left the bank. His mother in law wanted to close her account. Agents of the bank refused to close the account. The sent her outside where the Plaintiff was waiting in his car. She told him that the bank employee did not close the account and said it was not in her best interest. He explained to his mother in law that she should close the bank and she went back into the bank and instructed the bank to close her account. The SunTrust bank employee closed the account and gave her a check which totaled the sum of her account in the bank. The check was made out to her alone. Amber Gardner called Regions bank and told the bank manager, believed to be John Doe One that Plaintiff was trying to steal the funds of the woman that was with him and that he was coming to the Regions bank. It is believed that the bank did not understand the relationship between Plaintiff and his mother in law. Further SunTrust, did not investigate the circumstances involving the Plaintiff and his Mother in law. Amber Gardner told that Regions Bank employees that Plaintiff was now a former customer of the bank and described the transactions that had occurred that morning at SunTrust, and thus disclosing financial records. The police were called by Amber Gardner, or other unknown employees of the bank at her behest. SunTrust bank falsely claimed that the Plaintiff was attempting to steal his mother in laws money and that she was being abused and communicated that statement to the police department and to Regions Bank. Amber Gardner disclosed information which was a financial record as described in 12 U.S.C. 3401. It is believed that other financial records were disclosed to

4

the Town of Signal Mountain Police department employees by SunTrust.

16.    Immediately after leaving SunTrust Bank, Plaintiff drove across Taft Highway to Regions Bank in Signal Mountain at 1238 Taft Highway.  He entered the bank with mother-in-law for the purpose of opening a bank account.  His mother-in-law also wanted to open a bank account also.  Plaintiff was met at the front door by John Doe One who is believed to be the assistant manager of Regions.  Plaintiff noticed that the manager was acting in a strange manner. It became clear that she was suspicious of him and that she was delaying their encounter. Plaintiff told John Doe One that he wanted to open an account with Regions Bank. Plaintiff presented her with the check from SunTrust Bank. The account was opened after John Doe One secured identification from the Plaintiff.  Terese Ferriera, Plaintiff's mother in law presented the check made out to her alone to the bank and announced that she wanted to open an account.  Plaintiff's mother-in-law was unable to open an account because she did not have proper identification.  Plaintiff later learned that Regions Bank had been alerted by SunTrust Bank that Plaintiff was suspected of trying to gain access to the mother-in-law's account and to steal her money. The communication between SunTrust and Regions bank was by John Doe One and Amber Gardner, during the scope of their employment, and this includes the disclosure of protected financial records.

Plaintiff opened up his bank account with Regions Bank and was assisted by Cassidy Martinez. Plaintiff and his mother-in-law decided to leave the bank after concluding their business. It is believed that Regions Bank, through its manager called the TSMPD to make the false report that the Plaintiff was attempting to steal from his mother in law and to continue to slander the Plaintiff.  The bank employees were aware that police officers had arrived for the purpose of talking to the Plaintiff.  The Plaintiff's identity was known to the police as well as to the bank employees.  The bank knew who the Plaintiff was from his identification which he presented upon

5

opening the bank account as well as from the communications between John Doe One and Two. Further, the police officers knew the Plaintiff from a previous encounter with him at SunTrust Bank when the Bank had falsely accused the Plaintiff of trying to gain access to any of his mother-in-law's money several weeks before. It is believed that protected information was disclosed at this time to Officers of the Town of Signal Mountain. The Defendants Kenneth Coulter, Officer Andy Siler and T Foster knew where the Plaintiff and Terese Ferriera lived and who he was. Before his encounter with theses defendants in the bank. Plaintiff at all times described herein was assisting his mother-in-law in caring for her banking needs since she is elderly.

17. The Plaintiff left the office of the assistant manager, Cassidy Martinez at the Regions Bank and was exiting the building when police officers stopped him. The officers demanded that he show identification. Plaintiff refused to give the officers identification. The fact that the officers requested identification was a ruse to force an encounter with the Plaintiff and to unreasonably detain him since his identity was known. The officers unreasonably claimed to have reason and suspicion that the Plaintiff was trying to access his mother-in-law's money. Apparently John Doe One, Cassidy Martinez or Amber Gardner informed the officers about their suspicions. The officers refused to indicate to the Plaintiff why there were detaining him. The Plaintiff saw his mother-in-law leaving the bank. He was concerned that her safety was in danger since she wanders off. He told the officers his concern about his mother in law. The officers refused to identify their purpose in stopping him, or to articulate any reason for his detention and the restraint on his liberty. He continued to try to leave the building. The officers indicated that they were detaining him and because he would not stop, that he had been placed under arrest. At that time, there were no grounds for the Plaintiff to be arrested, and no probable cause to arrest. The officers were unable to handcuff the Plaintiff and they decided to use a TASER to restrain

him. The officers fired the TASER at the Plaintiff, causing him great pain and discomfort along with mental anguish and suffering. Consequently, Plaintiff was incapacitated by the high voltage TASER and the officers handcuffed the Plaintiff. The officers' body cameras revealed that after the tazing and arrest of the Plaintiff, they knew his identity, and they knew where he lived along with the relationship between his mother-in-law and him. There was no probable cause for arrest, no reasonable suspicion for detention, and no objective reason for using a TASER to arrest the Plaintiff. In fact Plaintiff alleges that the entire encounter with the Defendant Officers was pretextural and calculated to harass and intimidate the Plaintiff. Plaintiff also learned after his arrest that SunTrust and Regions had disclosed protected financial records to police officers without complying with federal law. Cassidy Martinez disclosed protected financial records to the TSMPD without a warrant, subpoena or summons. Officer John Doe Two is the supervising officer of the named officer defendants and is employed by TSMPD.

Plaintiff is a Nuclear Engineer, by profession. To work in his field of expertise he is required to pass a background check. As a result of the actions of all of the Defendants, including the deprivations of rights under the constitution, the tortious conduct of the Defendants, including the intentional, willful and reckless and negligent conduct of the Defendants, the Plaintiff has suffered damage to his reputation, and has lost earning capacity.

## CAUSES OF ACTION

18.     Plaintiff adopts and re-alleges all previous paragraphs as if set forth fully herein.

## VIOLATIONS OF 42 U.S.C. § 1983

19.     Plaintiff brings this cause of action pursuant to 42 U.S.C. § 1983 and alleges that Defendants Town of Signal Mountain, Tennessee by and through Officers, John Doe Two, Ken Coulter, Andy Siler, and Tim Foster who are employed by the Town of Signal Mountain Police

Department (TSMPD) and who are its agents, and the Officers individually, and acting under color of state law, deprived the Plaintiff of his rights under the Fourth Amendment of the United States Constitution and caused damage to the Plaintiff for which they are liable for damages incurred by the Plaintiff.

20.     Plaintiff brings this cause of action pursuant to 42 U.S.C. § 1983 and alleges that Defendants Town of Signal Mountain, Tennessee by and through Officers, Ken Coulter, Andy Siler, and Tim Foster who are employed by the Town of Signal Mountain Police Department (TSMPD) and who are its agents, and the Officers individually, and acting under color of state law, deprived the Plaintiff of his rights under the Fourth Amendment of the United States Constitution and caused damage to the Plaintiff for which they are liable for damages incurred by the Plaintiff. Namely, Defendants seized the Plaintiff, and his property without a warrant for his arrest, without probable cause for arrest, and without a search warrant or an exception to the warrant requirement.

21.     Plaintiff brings this cause of action pursuant to 42 U.S.C. § 1983 and alleges that Defendants Town of Signal Mountain, Tennessee by and through Officers, John Doe Two, Ken Coulter, Andy Siler, and Tim Foster who are employed by the Town of Signal Mountain Police Department (TSMPD) and who are its agents, and the Officers individually, and acting under color of state law, deprived the Plaintiff of his rights under the Fourth Amendment of the United States Constitution and caused damage to the Plaintiff for which they are liable for damages incurred by the Plaintiff.

More specifically, these Defendants deprived the Plaintiff of his Fourth Amendments under the United States Constitution, and his rights pursuant to The Right to Financial Privacy Act, 12 U.S.C. §3401 (RFPA). The officers acting under color of states law illegally, without authority,

without compliance with the requirements of the statute, particularly with §3402, without a warrant, subpoena, summons or other exception, and without consent of the Plaintiff seized financial records as defined in the RFPA. The illegal search and seizure violated the fourth amendment constitutional rights of Plaintiff.

The Town of Signal Mountain and its officer defendants are liable to the Plaintiff for the Constitutional deprivation and for damages and injuries which was caused by the following:

     A.     In his supervisory capacity, John Doe Two knew the subordinate officer employees named as defendants were engaging in the acts described herein and knew or reasonably should have known that the subordinates conduct would deprive the Plaintiff of his rights and privileges;

     B.     John Doe Two failed to act to prevent his subordinates form engaging in the injurious conduct described herein;

     C.     John Doe Two disregarded the known or obvious training deficiency or the obvious consequences that a particular training deficiency or omission would cause his subordinates to violate the plaintiff's constitutional rights as it relates to the facts causing the constitutional deprivation;

     D.     The training deficiency or omission caused John Doe Two's subordinates to deprive plaintiff of his constitutional rights;

     E.     Signal Mountain, through its Officer Defendants John Doe Two, Coulter, Siler and Foster acting pursuant to an express policy or widespread longstanding custom caused the deprivation of Plaintiff's Constitutional Rights, or the policy, custom or practiced was so closely related to the deprivation of Plaintiff's rights that it caused the Plaintiff's deprivation and injury;

9

F.     Signal Mountain, through the TSMPD failed to train Officer Defendants, John Doe Two, Coulter, Siler and Foster or the existing policies were inadequate to prevent the violation of the law and Plaintiffs Constitutional rights by its employees including these defendants and the training or policies were not adequate to handle the usual and recurring circumstances with which officers must deal. The failure to train or to develop policies caused the deprivation of Plaintiff's Constitutional Rights, or the failure to provide adequate training or policies was so closely related to the deprivation of Plaintiff's rights that it caused the Plaintiff's deprivation and injury.

22.     Plaintiff brings this cause of action pursuant to 42 U.S.C. § 1983 and alleges that Defendants Town of Signal Mountain, Tennessee by and through Officers, John Doe Two, Ken Coulter, Andy Siler, and Tim Foster who are employed by the Town of Signal Mountain Police Department (TSMPD) and who are its agents, and the Officers individually, and acting under color of state law, deprived the Plaintiff of his rights under the Fourth Amendment of the United States Constitution and caused damage to the Plaintiff for which they are liable for damages incurred by the Plaintiff.

More specifically, these Defendants deprived the Plaintiff of his Fourth Amendments under the United States Constitution and intentionally with excessive force unreasonably seized the Plaintiff causing injury, damage and pain when they used a TASER on the Plaintiff to seize his body and to effectuate and arrest.

The Town of Signal Mountain and its officer defendants are liable to the Plaintiff for the Constitutional deprivation and for damages and injuries which was caused by the following:

A.     In his supervisory capacity, John Doe Two knew the subordinate officer employees named as defendants were engaging in the acts described herein and knew or reasonably

should have known that the subordinates conduct would deprive the Plaintiff of his rights and privileges;

       B.     John Doe Two failed to act to prevent his subordinates form engaging in the injurious conduct described herein;

       C.     John Doe Two disregarded the known or obvious training deficiency or the obvious consequences that a particular training deficiency or omission would cause his subordinates to violate the plaintiff's constitutional rights as it relates to the facts causing the constitutional deprivation;

       D.     The training deficiency or omission caused John Doe Two's subordinates to deprive plaintiff of his constitutional rights;

       E.     Signal Mountain, through its Officer Defendants John Doe Two, Coulter, Siler and Foster acting pursuant to an express policy or widespread longstanding custom caused the deprivation of Plaintiff's Constitutional Rights, or the policy, custom or practiced was so closely related to the deprivation of Plaintiff's rights that it caused the Plaintiff's deprivation and injury;

       F.     Signal Mountain, through the TSMPD failed to train Officer Defendants, John Doe Two, Coulter, Siler and Foster or the existing policies were inadequate to prevent the violation of the law and Plaintiffs Constitutional rights by its employees including these defendants and the training or policies were not adequate to handle the usual and recurring circumstances with which officers must deal. The failure to train or to develop policies caused the deprivation of Plaintiff's Constitutional Rights, or the failure to provide adequate training or policies was so closely related to the deprivation of Plaintiff's rights that it caused the Plaintiff's deprivation and injury.

11

23.     Plaintiff brings this cause of action pursuant to 42 U.S.C. § 1983 and alleges that Officers Ken Coulter, Andy Siler, and Tim Foster who are employed by the Town of Signal Mountain Police Department (TSMPD) and who are its agents, and the Officers individually, and acting under color of state law, deprived the Plaintiff of his rights  under the Fourth Amendment of the United States Constitution and caused damage to the Plaintiff for which they are liable for damages incurred by the Plaintiff.

More specifically, these Defendants deprived the Plaintiff of his Fourth Amendments under the United States Constitution and intentionally with excessive force unreasonably seized the Plaintiff causing injury, damage and pain, when they used a TASER to effectuate the arrest of the Plaintiff. Further, the arrest of the Plaintiff was unreasonable and in violation of the Fourth amendment. Finally the detention of the Plaintiff was unreasonable and in violation of the fourth amendment.   The individual officers Ken Coulter, Andy Siler, and Tim Foster are liable to the Plaintiff for the Constitutional deprivation and for damages and injuries which was caused by their intentional conduct.

### VIOLATION OF 12 U.S.C. 35 "THE RIGHT TO FINACIAL PRIVACY ACT"

24.     Plaintiff adopts and re-alleges all previous paragraphs as if set forth fully herein.

25.     The Defendants SunTrust and Regions Banks, both financial institutions as described in the act, by and through the actions of their employees,  Cassidy Martinez, John Doe One and Amber Gardner and Cassidy Martinez, John Doe One, Amber Gardner and other unnamed John Doe employees, individually violated the provisions of The Right to Financial Privacy Act at 12 U.S.C. § 35 when they provided protected "financial records" as defined in the act of the Plaintiff, a customer of the financial institution, and namely the  to the Town of Signal Mountain by and through their Officers, Ken Coulter, Andy Siler, and Tim Foster on or about  the date and

12

in relationship to the events described herein.

26.     The act at 12 U.S.C. § 3417 describes the following with regard to civil penalties for violation of the act:

    (a)     **Liability of agencies or departments of United States or financial institutions**: Any agency or department of the United States or financial institution obtaining or disclosing financial records or information contained therein in violation of this chapter is liable to the customer to whom such records relate in an amount equal to the sum of—
>
>> (1) $100 without regard to the volume of records involved;
>> (2) any actual damages sustained by the customer as a result of the disclosure;
>> (3) such punitive damages as the court may allow, where the violation is found to have been willful or intentional; and
>> (4) in the case of any successful action to enforce liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

27.     The disclosure made by SunTrust and Regions banks were not in conformity with the "Good Faith Exception" in § 3417 or in the exceptions described in § 3413.

28.     The provisions of § 3403 were not complied with by TSMPD, or their employees, the Officers who made the illegal and unreasonable search in contravention of the fourth Amendment of Untied States Constitution of the Plaintiff.

29.     Plaintiff has sustained actual damages due to the violation of the act.

30.     The violation of the act was willful and intentional and Plaintiff is entitled to punitive damages.

## <u>ASSUALT AND BATTERY</u>

31.     The Plaintiffs adopt and re-allege the preceding paragraphs as if set forth fully herein.

32.     Officers, Coulter, Siler and Foster, individually, intentionally, unlawfully, and harmfully made physical contact with the Plaintiff Richard Saputa.

13

33.     These Officers in concert and in conspiracy with one another to batter Plaintiff Richard Saputa. Defendants overtly acted to carry out and act in furtherance of the conspiracy. Plaintiffs were damaged by the actions of the conspiracy and the concerted action of the co-conspirators.

34.     The intentional battery by these defendants proximately caused injury to the Plaintiff, Richard Saputa.

35.     The Officers individually, intentionally attempted to harm, or to frighten, Plaintiff Richard Saputa.

36.     The Officers made a show of force, and intimidation and showed the present ability or the unmistakable appearance of the present ability to do that harm or to cause that fright.

37.     The Officers acted in concert and in conspiracy with one another to assault the Plaintiff Richard Saputa. These defendants overtly acted to carry out and act in furtherance of the conspiracy. The Plaintiffs were damaged by the actions of the conspiracy and the concerted action of the co-conspirators.

38.     The Plaintiff, Joyce Saputa, is entitled to loss of consortium for injuries she sustained for each of the separate torts of assault and battery.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

39.     The Plaintiffs adopt and re-allege the preceding paragraphs as are set forth fully herein.

40.     Defendants Officers Coulter, Siler and Foster as described herein on February 23, 2017 and such conduct amounted to making an illegal, false arrest of the Plaintiff for the purpose of intimidation, harassment, and the deprivation of valuable protected constitutional rights such as Plaintiff's First, Fourth, Fifth, and Fourteenth amendment rights under the United States

14

Constitution, as well as rights under the Tennessee Constitution namely, Plaintiff's rights pursuant to Article I, Sections 7, 8, 19, 21, 33, and 35. Further, these Defendants used a TASER to inflict injury on the Plaintiff. The conduct was intentional or reckless, and was so outrageous that it is not tolerated by a civilized society. The Defendants' conduct caused serious mental and physical injury to the Plaintiff Richard Saputa and was such that it would cause a significant impairment to the daily life of a normally constituted person.

41.    The Officers acted intentionally and in concert with one another to intentionally cause the infliction of emotional distress, or alternatively, they knew or should have known that their conduct would cause Plaintiff Richard Saputa severe emotional distress and serious mental injury. Defendants overtly acted to carry out and act in furtherance of the conspiracy. The Plaintiffs were damaged by the actions of the conspiracy and the concerted action of the co-conspirators.

42.    SunTrust Bank, located at 1301 Taft Highway, Signal Mountain, Tennessee, 37377, acting through its employees, and particularly, on information and belief Amber Gardner, Manager of the Signal Mountain Branch, on the date referenced herein called employees at the Regions Bank, located at 1238 Taft Highway, Signal Mountain, Tennessee, 37377, and to TSMPD and communicated statements about the Plaintiff. The statements were false, and slanderous. The referenced SunTrust employees told TSMPD and Regions employees that Plaintiff was trying to gain access to his mother in laws accounts and to steel her money. Unnamed John Doe employees may have repeated these statements.  The statements communicated by the employees of SunTrust were in the course and scope of their employment. The statements were made willfully, intentionally, recklessly and with gross negligence without regard to the truth of the statements, and were communicated before the truth of the statements could be ascertained. Alternatively, the Defendants knew the statements were false. SunTrust's conduct, through employees was

intentional, reckless, and was so outrageous that it is not tolerated by a civilized society. The Defendants' conduct caused serious mental and physical injury to the Plaintiff Richard Saputa and was such that it would cause a significant impairment to the daily life of a normally constituted person.

43.     SunTrust and its individual employees acted intentionally and in concert with one another to intentionally cause the infliction of emotional distress, or alternatively, they knew or should have known that their conduct would cause Plaintiff Richard Saputa severe emotional distress and serious mental injury, or reckless disregard for the probability of causing that distress. Plaintiff's reputation has been damaged now and it will be damaged in the future. All of Plaintiff's damages were caused by the actions of SunTrust Bank, by and through its employees, and particularly Amber Gardner.

44.     Regions Bank, located at 1238 Taft Highway, Signal Mountain, Tennessee, 37377, acting through its employees, and particularly, on information and belief Cassidy Martinez and Amber Gardner, Manager of the Signal Mountain SunTrust Branch, on the date referenced herein called TSMPD and communicated statements about the Plaintiff. The statements were false, and slanderous. The referenced Regions employees told TSMPD that Plaintiff was trying to gain access to his mother in laws accounts and to steel her money. Unnamed John Doe employees may have repeated these statements.  The statements communicated by the employees of Regions were in the course and scope of their employment. The statements were made willfully, intentionally, recklessly and with gross negligence without regard to the truth of the statements, and were communicated before the truth of the statements could be ascertained. Alternatively, the Defendants knew the statements were false. Regions' conduct, through its employees was intentional, reckless, and was so outrageous that is not tolerated by a civilized society. The

Defendants' conduct caused serious mental and physical injury to the Plaintiff Richard Saputa and was such that it would cause a significant impairment to the daily life of a normally constituted person.

45.     Regions and its individual employees acted intentionally and in concert with one another to intentionally cause the infliction of emotional distress, or alternatively, they knew or should have known that their conduct would cause Plaintiff Richard Saputa severe emotional distress and serious mental injury, or reckless disregard for the probability of causing that distress. Plaintiff's reputation has been damaged now and it will be damaged in the future. All of Plaintiff's damages were caused by the actions of Regions Bank, by and through its employees, and particularly Cassidy Martinez, and John Doe One.

46.     Defendants SunTrust and Regions Banks, both financial institutions as described in the act, by and through the actions of their employees, Cassidy Martinez, John Doe One and Amber Gardner and Cassidy Martinez, John Doe One, Amber Gardner and other unnamed John Doe employees, individually, acted intentionally and in concert with one another to intentionally cause the infliction of emotional distress, or alternatively, they knew or should have known that their conduct would cause Plaintiff Richard Saputa severe emotional distress and serious mental injury. Defendants overtly acted to carry out and act in furtherance of the conspiracy. The Plaintiffs were damaged by the actions of the conspiracy and the concerted action of the co-conspirators.

47.     Plaintiff is entitled to compensatory damages, including but not limited to, economic loss, damage to reputation, emotional distress and mental anguish and suffering.

48.     Plaintiff is entitled to punitive damages.

49.     Defendants actions proximately caused the injury and subsequent damages to the Plaintiff, Richard Saputa.

50.     The Plaintiff, Joyce Saputa, is entitled to loss of consortium for injuries she sustained as a result of the tortious conduct of these Defendants.

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

51.     The Plaintiffs adopt and re-allege the preceding paragraphs as if set forth fully herein.

52.     SunTrust Bank, located at 1301 Taft Highway, Signal Mountain, Tennessee, 37377, acting through its employees, and particularly, on information and belief Amber Gardner, Manager of the Signal Mountain Branch, on the date referenced herein called employees at the Regions Bank, located at 1238 Taft Highway, Signal Mountain, Tennessee, 37377, and to TSMPD and communicated statements about the Plaintiff. The statements were false, and slanderous. The referenced SunTrust employees told TSMPD and Regions employees that Plaintiff was trying to gain access to his mother in laws accounts and to steel her money. Unnamed John Doe employees may have repeated these statements.  The statements communicated by the employees of SunTrust were in the course and scope of their employment. The statements were made negligently and without making an investigation using due care, to confirm the truth of the statements, and were negligently communicated before the truth of the statements could be ascertained. Further, SunTrust failed to establish policies to instruct employees about the method of investigating circumstances where they believed that an adult was being exploited or abused. The Defendants' negligent conduct caused serious mental and physical injury to the Plaintiff Richard Saputa, caused damage to his reputation which further caused sever emotional distress and was such that it would cause a significant impairment to the daily life of a normally constituted person.

53.     SunTrust and its individual employees acted intentionally and in concert with one another to intentionally cause the negligent of emotional distress, or alternatively, they knew or

should have known that their conduct would cause Plaintiff Richard Saputa severe emotional distress and serious mental injury, or reckless disregard for the probability of causing that distress. Plaintiff's reputation has been damaged now and it will be damaged in the future. The damage to his reputation has resulted in severe emotional distress. All of Plaintiff's damages were caused by the actions of SunTrust Bank, by and through its employees, and particularly Amber Gardner.

54. Regions Bank, located at 1238 Taft Highway, Signal Mountain, Tennessee, 37377, acting through its employees, and particularly, on information and belief Cassidy Martinez and Amber Gardner, Manager of the Signal Mountain SunTrust Branch, on the date referenced herein called TSMPD and communicated statements about the Plaintiff. The statements were false, and slanderous. The referenced Regions employees told TSMPD that Plaintiff was trying to gain access to his mother in laws accounts and to steel her money. Unnamed John Doe employees may have repeated these statements. The statements communicated by the employees of Regions were in the course and scope of their employment. The statements were made negligently and without making an investigation using due care, to confirm the truth of the statements, and were negligently communicated before the truth of the statements could be ascertained. Further, SunTrust failed to establish policies to instruct employees about the method of investigating circumstances where they believed that an adult was being exploited or abused. The Defendants' negligent conduct caused serious mental and physical injury to the Plaintiff Richard Saputa, caused damage to his reputation which further caused severe emotional distress and was such that it would cause a significant impairment to the daily life of a normally constituted person

55. Regions and its individual employees acted intentionally and in concert with one another to intentionally cause the negligent of emotional distress, or alternatively, they knew or should have known that their conduct would cause Plaintiff Richard Saputa severe emotional

distress and serious mental injury, or reckless disregard for the probability of causing that distress. Plaintiff's reputation has been damaged now and it will be damaged in the future. The damage to his reputation has resulted in severe emotional distress. All of Plaintiff's damages were caused by the actions of Regions Bank, by and through its employees, and particularly Cassidy Martinez, and John Doe One.

56.     Defendants SunTrust and Regions Banks, both financial institutions as described in the act, by and through the actions of their employees, Cassidy Martinez, John Doe One and Amber Gardner and Cassidy Martinez, John Doe One, Amber Gardner and other unnamed John Doe employees, individually, acted and in concert with one another to cause Plaintiff Richard Saputa severe emotional distress and serious mental injury. Defendants overtly acted to carry out and act in furtherance of the conspiracy. The Plaintiffs were damaged by the actions of the conspiracy and the concerted action of the co-conspirators.

57.      Plaintiff is entitled to compensatory damages, including but not limited to, economic loss, damage to reputation, emotional distress and mental anguish and suffering.

58.     Plaintiff is entitled to punitive damages.

59.     Defendants actions proximately caused the injury and subsequent damages to the Plaintiff, Richard Saputa.

60.     The Plaintiff, Joyce Saputa, is entitled to loss of consortium for injuries she sustained as a result of the tortious conduct of these Defendants.

## **FALSE IMPRISONMENT**

61.     The Plaintiffs adopt and re-allege the preceding paragraphs as if set forth fully herein.

62.     The Defendant Officers Coulter, Siler and Foster falsely imprisoned the Plaintiff

and unlawfully violated his personal liberty on February 23, 2017. These Defendants intentionally and unlawful restrained, confined, and detained the Plaintiff and took him unlawfully by false arrest to the Hamilton County Jail and further restrained his liberty to move about freely and compelled him by force to stay with them in the Northgate Crossing parking lot against his will after his release from jail on the morning of February 23, 2017. The intentional conduct of these Defendants was the proximate cause of injury to the Plaintiffs.

63.     These Officers acted in concert and in conspiracy with one another to falsely imprison the Plaintiff. These defendants overtly acted to carry out and act in furtherance of the conspiracy. The Plaintiffs were damaged by the actions of the conspiracy and the concerted action of the co-conspirators.

64.     These Defendants acted intentionally, willfully, wantonly and maliciously.

65.     Plaintiff Joyce Saputa is entitled to damages for loss of consortium.

## CAUSATION

66.     Plaintiff adopts and alleges of the allegations in the preceding paragraphs as if set forth fully herein.

67.     Defendant Town of Signal Mountain, by and through its police department and its Officers Coulter, Siler, and Foster, through their intentional and negligent conduct were the direct and proximate cause of the injuries sustained by the Plaintiffs as described herein.

68.     All of the conduct set forth herein, and particularly the violations of 42 U.S.C. §1983, directly and proximately caused the injuries and damages suffered by the Plaintiffs, including substantial, actual compensatory damages, for the cost of litigation, and further attorney fees for the equitable and just relief provided by law in 42 U.S.C. §1988.

69.     Individual officers Coulter, Siler, and Foster are liable for their intentional conduct,

21

including the intentional infliction of emotional distress, false imprisonment, false arrest, and assault and battery. These officers are liable for the negligent infliction of emotional distress. Intentional and negligent conduct were the direct and proximate cause for the injuries sustained by the Plaintiff and he is entitled to substantial actual compensatory damages, the cost of litigation, and punitive damages against the Defendants.

70.     Further, the Defendants are liable to the Plaintiff, Richard Saputa for violation of the Right to Financial Privacy Act.  Their conduct described herein is a violation of the Act and caused damages to the Plaintiff.  Plaintiff is entitled to actual damages, attorney fees, cost of litigation, and punitive damages pursuant to the Act.

71.     SunTrust, Regions, and the Individual employees of the Banks are liable for their intentional conduct, including the intentional infliction of emotional distress. These Defendants are liable for the negligent infliction of emotional distress. Intentional and negligent conduct were the direct and proximate cause for the injuries sustained by the Plaintiffs and he is entitled to substantial actual compensatory damages, the cost of litigation, and punitive damages against the Defendants.

72.     The Doctrine of respondeat superior applies in this action. Defendants SunTrust and Regions Banks are vicariously liable for the actions of their employees carried out through the course and scope of their employment.

## **DAMAGES**

73.     Plaintiff adopts and alleges of the allegations in the preceding paragraphs as if set forth fully herein.

74.     Plaintiff Richard Saputa has suffered actual and compensatory damages from the actions of the Defendants Town of Signal Mountain, and the Officers Coulter, Siler and Foster and

John Doe Two, including but not limited to physical injuries and mental pain and suffering, damage to reputation and loss of earning capacity.

75.     Plaintiff has suffered damages actual and compensatory damages from the actions of the Officers individually, including but not limited to physical injuries and mental pain and suffering, damage to reputation and loss of earning capacity.

76.     Plaintiff has suffered damages actual and compensatory from the Defendants SunTrust Bank and Regions Bank through the actions of their employees, including but not limited to physical injuries and mental pain and suffering, damage to reputation and loss of earning capacity.

77.     Plaintiff has suffered damages actual and compensatory from the individual actions of Cassidy Martinez, Amber Gardner, John Doe One, the Manager of Regions Bank, and unnamed John Doe employees including but not limited to physical injuries and mental pain and suffering, damage to reputation and loss of earning capacity.

78.     Plaintiff, Joyce Saputa has suffered from all of the acts of the defendants and has lost consortium, including but not limited to the lost earning capacity of her husband.

79.     Plaintiffs have suffered actual and compensatory damages in an amount for all damages in an amount not less than $45,000,000.00 dollars.

## **PRAYERS FOR RELIEF**

WHEREFORE, the Plaintiff prays the following relief:

a.     Compensatory damages against the Town of Signal Mountain, Tennessee in an amount not less than $10,000,000.00;

b.     Punitive damages against the Town of Signal Mountain, Tennessee in the amount not less than $10,000,000.00;

23

c.     Compensatory damages against the Defendants John Doe Two, Kenneth Coulter, Andy Siler, and Tim Foster in an amount not less than $1,000,000.00 each;

d.     Damages for violation of the Right to Financial Privacy Act in the amount of the civil penalty of $100.00, for actual damages in the amount not less than $100,000.00;

e.     Punitive damages for willful Violation for the Right to Financial Privacy Act in an amount not less than $1,000,000.00;

f.     Damages Against SunTrust Bank for compensatory damages in the amount not less than $10,000,000.00;

g.     Damages Against Regions Bank for compensatory damages in the amount not less than $10,000,000.00;

h.     Punitive damages against SunTrust bank an amount not less than $10,000,000.00;

i.     Punitive damages against Regions Bank in an amount not less than $10,000,000.00;

j.     Compensatory damages against Cassidy Martinez, Amber Gardner, John Doe Two and unnamed John Doe employees in an amount not less than $1,000,000.00 each;

k.     Damages for Loss of Consortium, including loss of earning capacity in an amount not less than $10,000,000.00;

l.     Medical Specials in an amount not less than $1,458.34;

m.     Reasonable attorney fees and costs pursuant to 12 U.S.C. §3401 et. seq;

n.     Reasonable attorney fees and costs of litigation pursuant to 42 U.S.C. §1988;

o.     Plaintiffs demand a jury to try the cause of this action;

24

p.      General relief.

RESPECTFULLY SUBMITTED:

**McKOON, WILLIAMS, ATCHLEY
& STANLEY, PLLC**

By:    *s/ Clayton M. Whittaker*
    **CLAYTON M. WHITTAKER, BPR #013461**
    *Attorneys for Plaintiff*
    633 Chestnut Street, Suite 1500
    Chattanooga, TN 37450
    (423) 756-6400/fax: (423) 756-8600
    Email: cwhittaker@mwalawfirm.com